SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
KENNETH DOCKERY,

                              Plaintiff(s),

-against-

RAUL E. RIVERA and ALFA TRANSPORTATION CORP.,

                              Defendant(s).
-------------------------------------------------------------------X

Index #
Date Purchased:

**SUMMONS**

Plaintiff designates
**Bronx County**
as place of trial

The basis of venue is:
Place of Incident

To the above-named defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:      New York, New York
              July 1, 2021

                                              *Jason L. Paris*

                                         JASON L. PARIS, ESQ.
                                         THE PARIS LAW GROUP, P.C.
                                         Attorneys for Plaintiff
                                         KENNETH DOCKERY
                                         60 East 42nd Street, Suite 4600
                                         New York, NY 10122
                                         212-970-8754

**Defendant's Address:**

RAUL E. RIVERA
701 NW 141ST AVENUE
PEMBROKE PINES, FL 33028

ALFA TRANSPORTATION CORP.
11236 NW Flagler Ln
Miami, FL 33172

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X    Index No.:
KENNETH DOCKERY,

                              Plaintiff(s),    **VERIFIED COMPLAINT**

        -against-

RAUL E. RIVERA and ALFA TRANSPORTATION CORP.,

                              Defendant(s).
------------------------------------------------------------------X

        The plaintiff, **KENNETH DOCKERY**, by his attorneys, **THE PARIS LAW GROUP, P.C.**, complaining of the defendants herein, respectfully shows to the court and alleges as follows:

        1.     That the cause of action alleged herein arose in the Bronx County, City and State of New York.

        2.     That at all of the times hereinafter alleged, the plaintiff, **KENNETH DOCKERY**, was and still is a resident of the County, City and State of New York.

        3.     That at all of the times hereinafter alleged, the defendant, **RAUL E. RIVERA**, was and still is a resident of the State of Florida.

        4.     That at all times hereinafter alleged, the defendant, **ALFA TRANSPORTATION CORP.,** was and still is a domestic business corporation.

        5.     That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, transacted business in the State of New York.

        6.     That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, conducted business in the State of New York.

7. That at all times relevant herein, the defendant, **ALFA TRANSPORTATION CORP.,** contracted to supply goods in the State of New York.

8. That at all times relevant herein, the defendant, **ALFA TRANSPORTATION CORP.,** contracted to supply services in the State of New York.

9. That at all times relevant herein, the defendant, **ALFA TRANSPORTATION CORP.,** derived substantial revenues from its goods used in the State of New York.

10. That at all times relevant herein, the defendant, **ALFA TRANSPORTATION CORP.,** derived substantial revenues from its services rendered in the State of New York.

11. That at all times relevant herein, the defendant, **ALFA TRANSPORTATION CORP.,** expected or should have reasonably expected that its acts will have consequences in the State of New York and it derived substantial revenues from interstate or international commerce.

12. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.,** was the owner of a certain 2012 Kenworth truck tractor bearing Florida State registration number, **JC43UU**.

13. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.,** was the owner of a certain 2012 Kenworth truck tractor bearing a vehicle identification number, **1XKAD49X9CJ305368**.

14. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.,** was the title owner of a certain 2012 Kenworth truck tractor bearing a vehicle identification number, **1XKAD49X9CJ305368**.

15. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.,** was the registered owner of a certain 2012 Kenworth truck tractor bearing a vehicle identification number, **1XKAD49X9CJ305368**.

16. That at all times hereinafter alleged, and upon information and belief, the defendant,

**ALFA TRANSPORTATION CORP.**, was the lessor of the aforesaid truck tractor.

17. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, was the lessee of the aforesaid truck tractor.

18. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, controlled the aforesaid truck tractor.

19. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, maintained the aforesaid truck tractor.

20. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, managed the aforesaid truck tractor.

21. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, repaired the aforesaid truck tractor.

22. That at all times hereinafter alleged, and upon information and belief, the defendant, **ALFA TRANSPORTATION CORP.**, supervised the aforesaid truck tractor.

23. That at all times relevant herein, the defendant, **RAUL E. RIVERA,** contracted to supply goods in the State of New York.

24. That at all times relevant herein, the defendant, **RAUL E. RIVERA,** contracted to supply services in the State of New York.

25. That at all times relevant herein, the defendant, **RAUL E. RIVERA,** regularly solicited business in the State of New York.

26. That at all times relevant herein, the defendant, **RAUL E. RIVERA,** derived substantial revenues from its goods used in the State of New York.

27. That at all times relevant herein, the defendant, **RAUL E. RIVERA,** derived substantial revenues from its services rendered in the State of New York.

28. That at all times relevant herein, the defendant, **RAUL E. RIVERA,** expected or should have reasonably expected that its acts will have consequences in the State of New York and it derived substantial revenues from interstate or international commerce.

29. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, was the owner of a certain 2012 Kenworth truck tractor bearing Florida State registration number, **JC43UU**.

30. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, was the owner of a certain 2012 Kenworth truck tractor bearing a vehicle identification number, **1XKAD49X9CJ305368**.

31. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, was the title owner of a certain 2012 Kenworth truck tractor bearing a vehicle identification number, **1XKAD49X9CJ305368**.

32. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, was the registered owner of a certain 2012 Kenworth truck tractor bearing a vehicle identification number, **1XKAD49X9CJ305368**.

33. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, was the lessor of the aforesaid truck tractor.

34. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, was the lessee of the aforesaid truck tractor.

35. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, operated the aforesaid truck tractor.

36. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, operated the aforesaid truck tractor, with the knowledge, permission and consent of the defendant, **ALFA TRANSPORTATION CORP.**

37. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, controlled the aforesaid truck tractor.

38. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, controlled the aforesaid truck tractor, with the knowledge, permission and consent of the defendant, **ALFA TRANSPORTATION CORP.**

39. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, maintained the aforesaid truck tractor.

40. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, maintained the aforesaid truck tractor, with the knowledge, permission and consent of the defendant, **ALFA TRANSPORTATION CORP.**

41. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, managed the aforesaid truck tractor.

42. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, managed the aforesaid truck tractor, with the knowledge, permission and consent of the defendant, **ALFA TRANSPORTATION CORP.**

43. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, repaired the aforesaid truck tractor.

44. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, repaired the aforesaid truck tractor, with the knowledge, permission and consent of the defendant, **ALFA TRANSPORTATION CORP.**

45. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, supervised the aforesaid truck tractor.

46. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, supervised the aforesaid truck tractor, with the knowledge, permission and

consent of the defendant, **ALFA TRANSPORTATION CORP.**

47. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA**, leased the aforesaid truck tractor.

48. That at all the times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA,** was an employee of the defendant, **ALFA TRANSPORTATION CORP.**

49. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA,** was employed by the defendant, **ALFA TRANSPORTATION CORP.,** on May 6, 2021.

50. That at all times hereinafter alleged, and upon information and belief, the defendant, **RAUL E. RIVERA,** was acting within the course of his employment when he was operating the aforesaid truck tractor bearing Florida registration number, **JC43UU**.

51. That on the aforementioned date, the defendant, **RAUL E. RIVERA,** was employed by the defendant**, ALFA TRANSPORTATION CORP.,** and was operating the aforesaid truck tractor with the consent and within the scope of his employment with the defendant, **ALFA TRANSPORTATION CORP.**

52. That at all times hereinafter alleged, and upon information and belief, the plaintiff, **KENNETH DOCKERY**, operated a certain 2017 Harley-Davidson motorcycle bearing New York State registration number, **36TJ04**.

53. That at all of the times hereinafter mentioned East 149th Street and River Avenue, in the Bronx County, City and State of New York, were and still are public roadways used extensively by the public in general.

54. That on May 6, 2021, the aforesaid motor vehicles were in contact at the aforementioned location.

55. That on May 6, 2021, the aforesaid motor vehicles were in a collision at the aforementioned location.

56. That the aforesaid accident and injuries resulting there from were due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, controlled, maintained, managed, and repaired their motor vehicle without this plaintiff in any way contributing thereto.

57. That by reason of the foregoing and the negligence of the defendants, the plaintiff, **KENNETH DOCKERY,** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

58. That by reason of the foregoing, the plaintiff, **KENNETH DOCKERY,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **KENNETH DOCKERY,** will necessarily incur similar expenses.

59. That by reason of the foregoing, the plaintiff, **KENNETH DOCKERY,** has been unable to attend to his usual occupation in the manner required.

60. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, **KENNETH DOCKERY,** sustained serious injuries as defined in Section 5102(d) of the Insurance Law of The State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

61. That one or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

62. That as a result of the foregoing, the plaintiff, **KENNETH DOCKERY,** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise

have jurisdiction.

**WHEREFORE**, the plaintiff, **KENNETH DOCKERY,** demands judgment against the defendants in the sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of her action.

Dated:    New York, New York
          July 1, 2021

*Jason L. Paris*

_____
JASON L. PARIS, ESQ.

## ATTORNEY'S VERIFICATION

JASON L. PARIS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member at **THE PARIS LAW GROUP, P.C.**, attorneys of record for Plaintiff. I have read the annexed **SUMMONS and COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:   New York, New York
         July 1, 2021

*Jason L. Paris*
_____
JASON L. PARIS, ESQ.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

KENNETH DOCKERY,

                Plaintiff(s),

-against-

RAUL E. RIVERA and ALFA TRANSPORTATION CORP.,

                Defendant(s).

## SUMMONS and VERIFIED COMPLAINT

**THE PARIS LAW GROUP, P.C.**
**Attorneys for Plaintiff**
**60 East 42nd Street, Suite 4600**
**New York, NY 10122**
**212-970-8754**