UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNETH DOCKERY,

               Plaintiff,

      -against-

RAUL E. RIVERA and ALFA TRANSPORTATION CORP.,

            Defendants.

------------------------------------------------------------------------X

**ANSWER**

*Civil Action No.* 1:21-cv-06900-LAK-KHP

**Defendants Demand Trial by Jury**

     Defendants Alfa Transportation Corp. and Raul E. Rivera, by Smith Mazure, P.C. as and for their answer to the complaint, upon information and belief, set forth as follows:

## JURISDICTION

     1.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "1".

## PARTIES

     2.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "2".

     3.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "3".

     4.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "4".

     5.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "5".

     6.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "6".

7.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "7".

8.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "8".

9.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "9".

10.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "10".

11.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "11".

12.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "12".

13.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "13".

14.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "14".

15.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "15".

16.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "16".

17.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "17".

18.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "18".

19.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "19".

20.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "20".

21.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "21".

22.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "22".

23.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "23".

24.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "24".

25.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "25".

26.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "26".

27.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "27".

28.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "28".

29.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "29".

30.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "30".

31.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "31".

32.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "32".

33.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "33".

34.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "34".

35.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "35".

36.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "36".

37.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "37".

38.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "38".

39.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "39".

40.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "40".

41.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "41".

42.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "42".

43.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "43".

44.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "44".

45.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "45".

46.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "46".

47.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "47".

48.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "48".

49.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "49".

50.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "50".

51.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "51".

52.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "52".

53.     Admit the truth of the allegations contained in the paragraph of the Complaint designated as: "53".

## COUNT I

54.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "54".

55.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "55".

56.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "56".

57.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "57".

58.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "58".

59.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "59".

60.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "60".

61.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint designated as: "61".

62.     Deny each and every allegation contained in the paragraph of the Complaint designated as: "62".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63.     The plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York nor has the plaintiff sustained any economic loss as defined in Sections 5102 and 5104 of the Insurance Law of the State of New York..

## AS FOR A SECOND AFFIRMATIVE DEFENSE:

64.     That the amount recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65.     There is no personal jurisdiction over the defendants as service of process has not been personally made within the State of New York nor pursuant to statutory authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66.     Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67.     Any damages suffered by the plaintiff were the result of the culpable conduct or fault of other persons for whose conduct these defendants are not legally responsible.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68.     Without relieving plaintiff of their burden of proof of establishing their injuries or damages, if any, any damages sustained by the plaintiff were proximately caused or contributed

to by the intervening or superseding intentional conduct or negligence of third-parties that plaintiff has not named in this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69.     The plaintiff has failed to plead causes of action for which relief can be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70.     The liability of these answering Defendants is limited under the terms of Article Sixteen of the C.P.L.R.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71.     In the event that plaintiff recovers a verdict or judgment against these Defendants, then said verdict or judgment must be reduced, pursuant to CPLR §4545(c), by those amounts which have been or will, with reasonable certainty, be replaced or have or will, with reasonable certainty, indemnify plaintiff, in whole or in part, for any past or future claimed economic loss from any collateral source whatsoever, including, but not limited to, insurance, Social Security payments, Worker's Compensation awards, employee benefit programs, or disability payments.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72.     The provisions and requirements of CPLR Article 50-B apply in this action and accordingly, upon entry of any verdict in this action, the provisions of CPLR § 5041 shall be applied.

WHEREFORE, Defendants ALFA Transportation Corp. and Raul E. Rivera demand judgment dismissing the plaintiff's complaint against them, together with the costs and disbursements of this action.

Dated: New York, New York
      August 27, 2021

*Yours, etc.,*

SMITH MAZURE, P.C.
Attorneys for Defendants
ALFA Transportation Corp. and Raul E. Rivera

By: _____

DANIEL Y. SOHNEN
For the Firm
111 John Street
New York, NY  10038
(212) 964-7400
Our File No. KIG-00125

TO:

The Paris Law Group, P.C.
60 East 42nd Street, Suite 4600
New York, NY  10165
(212) 485-9842/(212) 954-5331 (F)
Attorney for Plaintiff
Kenneth Dockery

DYS/mzr
KIG-00125/40

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KENNETH DOCKERY,

                      Plaintiff,

    -against-

RAUL E. RIVERA and ALFA TRANSPORTATION CORP.,

                   Defendants.
-----------------------------------------------------------------------X

**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

*Civil Action No.* 1:21-cv-06900-LAK-KHP

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 27, and 30 of the Federal Rules of Civil Procedure, the testimony upon oral examination of Kenneth Dockery as an adverse party, will be taken before a notary public who is not an attorney or employee of an attorney for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at Smith Mazure, P.C., 111 John Street, New York, NY 10038, on November 29, 2021, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the prosecution/defense of this action:

    All the relevant facts and circumstances in connection with the accident which occurred on the 5/6/2021, including negligence, contributory negligence, liability and damages.

    That the said person to be examined is required to produce at such examination copies of documents, memoranda, writings and reports concerning the within occurrence.

Dated:  New York, New York
       August 27, 2021

                 *Yours, etc.,*
                 SMITH MAZURE, P.C.
                 Attorneys for Defendants
                 ALFA Transportation Corp. and Raul E. Rivera

         By: _____
                 DANIEL Y. SOHNEN
                 For the Firm
                 111 John Street
                 New York, NY  10038
                 (212) 964-7400
                 Our File No. KIG-00125

TO:
The Paris Law Group, P.C.
60 East 42nd Street, Suite 4600
New York, NY  10165
(212) 485-9842/(212) 954-5331 (F)
Attorney for Plaintiff
Kenneth Dockery

DYS/mar (KIG-00125/41)

## **VERIFICATION**

DANIEL Y. SOHNEN, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am a member of the firm of Smith Mazure Director Wilkins Young & Yagerman, P.C., and I have read the contents of the foregoing answer and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

( x )   I make this verification because Defendants ALFA Transportation Corp. and Raul E. Rivera reside(s) outside of the county where SMITH MAZURE, P.C. maintains its office.

( x )   I make this verification because Defendants ALFA Transportation Corp. is a corporation and SMITH MAZURE, P.C., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: New York, New York
August 27, 2021

_____

DANIEL Y. SOHNEN

KIG-00125/40

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **Answer and Jury Demand** and **Notice To Take Deposition Upon Oral Examination** was sent on August 27, 2021 via electronic filing with the Court's ECF system for notice to all counsel of record, as indicated on the service list below.

.


_____   _____

DANIEL Y. SOHNEN
For the Firm


## <u>SERVICE LIST</u>

The Paris Law Group, P.C.
60 East 42nd Street, Suite 4600
New York, NY  10165
(212) 485-9842/(212) 954-5331 (F)
Attorney for Plaintiff
Kenneth Dockery


KIG-00125/40

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
KENNETH DOCKERY,

                        Plaintiff,

          -against-

RAUL E. RIVERA and ALFA TRANSPORTATION CORP.,

                     Defendants.

------------------------------------------------------------------X

*Civil Action No.* 1:21-cv-06900-
LAK-KHP

---

**ANSWER with JURY DEMAND and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

**SMITH MAZURE, P.C.**
Attorneys for Defendants
ALFA Transportation Corp. and Raul E. Rivera
111 John Street
New York, NY  10038
(212) 964-7400
KIG-00125

---

DYS/mzr
KIG-00125/40